UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-768-RJC
(3:06-cr-113-RJC-1)

| RONALD ARTHUR HARRIS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 3). For the reasons that follow, Petitioner's claim for relief will be denied, and the § 2255 motion will be dismissed. Petitioner's alternative petition under 28 U.S.C. § 2241, and his petitions for writs of error *coram nobis* and *audita querela* will be denied.

I.  BACKGROUND

On April 28, 2006, Petitioner was indicted by the grand jury sitting for the Western District for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession of cocaine base and marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). (3:06-cr-113, Doc. No. 1: Indictment). On May 3, 2006, the Government filed an amended Information pursuant to 21 U.S.C. § 851 contending that Petitioner had a prior felony conviction for selling or delivering a counterfeit controlled substance in 1997. (Id., Doc. No. 4).

1

On July 31, 2006, Petitioner entered into a Plea Agreement with the Government wherein he agreed to plead guilty to Counts Two and Three of the Indictment in exchange for the dismissal of Count One. (Id., Doc. No. 13). Petitioner appeared before a magistrate judge who accepted the plea, finding it was both knowing and voluntary. (Id., Doc. No. 14: Acceptance and Entry of Guilty Plea). On May 16, 2007, Petitioner appeared with counsel before the Court for his sentencing hearing. The Court first found that a factual basis existed for the guilty plea, which the Court accepted. Petitioner was sentenced to 57-months' imprisonment on Count Two and a consecutive term of 60-months on Count Three for a total of 117-months' imprisonment. (Id., Doc. No. 29: Judgment).

Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 32). On July 20, 2009, in a per curiam opinion the Fourth Circuit rejected Petitioner's challenge to his sentence and affirmed his criminal judgment. United States v. Harris, 340 F. App'x 925 (4th Cir. 2009).

On November 15, 2012, Petitioner, through counsel, filed the present § 2255 motion challenging his sentence on the basis of the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), an en banc decision filed August 17, 2011. Petitioner contends that his prior felony conviction no longer qualifies to enhance his sentence. Further, Petitioner argues that a subsequent Fourth Circuit decision, United States v. Powell, 691 F.3d 554 (4th Cir. 2012), does not bar relief. In the alternative, the Petitioner argues for relief under 28 U.S.C. § 2241, or pursuant to a writ of error *coram nobis* or *audita querela*. (Doc. No. 1 at 1-2).

II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to

2

promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970)

III.  DISCUSSION

    A.  Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's criminal judgment became final for purposes of the statute of limitations ninety days following the filing of the Fourth Circuit's opinion affirming his judgment or on or about October 20, 2009. See Clay v. United States, 537 U.S. 522, 527 (2003). As noted above, the instant motion was not filed until November 15, 2012, over three years after

3

the judgment became final. Additionally, as detailed below, no right has been newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. Finally, Petitioner is not entitled to equitable tolling because he does not present a meritorious claim for relief. Therefore, the motion is untimely.

Considering the merits, Petitioner asserts that his prior felony conviction no longer qualifies to enhance his sentence under Simmons, in which the Fourth Circuit held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. Powell, 691 F.3d at 559-60. Petitioner contends that the holding in Powell does not preclude this Court from granting relief; however, the Fourth Circuit has recently ruled to the contrary. In United States v.

4

Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012)(unpublished), the court explained that a "claim for retroactive application of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc), fails in light of our recent opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012)." See also United States v. Brown, No. 12-7713, 2012 WL 6604898, at *1 (4th Cir. Dec. 12, 2012)(unpublished) (rejecting claim that prior state conviction no longer qualified as a felony and could not be used to enhance sentence because Simmons is not retroactively applicable to cases on collateral review). Thus, Petitioner is not eligible for relief under § 2255.

B. Relief under 28 U.S.C. § 2241

The savings clause in § 2255(e) provides a petitioner the opportunity to pursue habeas relief under § 2241 if it appears that the remedy allowed in a § 2255 proceeding is inadequate or ineffective to test the legality of the person's conviction. Petitioner has presented his claim in his § 2255 motion and is not entitled to relief on the merits. However, that does not render his § 2255 proceeding "ineffective" such that he may now pursue relief under § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)). Therefore, Petitioner is not entitled to relief under § 2241 because he has had the opportunity to test the legality of his sentence under § 2255.

C. Writ of Coram Nobis

Relief under a theory of *coram nobis* was traditionally available only to raise factual

5

errors affecting the validity and regularity of the underlying proceeding itself, such as a defendant's being under age or deceased. Carlisle v. United States, 517 U.S. 416, 429 (1996). Although the All Writs Act provides residual authority for courts to issue writs not otherwise addressed by statute, such authority ends where a statute controls. Id. Thus, the Fourth Circuit found that the writ was properly granted "in light of a retroactive dispositive change in the law of mail fraud" where petitioners had already served their sentences and had no other remedy available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (vacating convictions in wake of McNally v. United States, 483 U.S. 350 (1987)).

Here, Petitioner remains in custody on his 117-months sentence.[1] Petitioner was lawfully sentenced under then-existing law, and subsequent decisions in Carachuri and Simmons have not been made retroactive. Therefore, Petitioner is not entitled to *coram nobis* relief because he is still in custody, no retroactive change in the law has rendered the prior proceedings invalid, and he has had the opportunity to seek a remedy under § 2255.

D.   Writ of Audita Querela

Finally, the writ of *audita querela* is unavailable to a petitioner who may otherwise challenge his conviction or sentence by way of a § 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, No. 12-1720, 2012 WL 5417618, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to § 2255)). In that case, petitioner

---

[1] See Federal Bureau of Prisons, Inmate Locator
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=20777-058&x=91&y=20 (Jan. 14, 2012).

had an opportunity to challenge his conviction under § 2255 and was seeking to file an unauthorized successive petition. Here also, the Petitioner has had the opportunity to raise his claim under § 2255, foreclosing the possibility of relief under a writ of *audita querela*.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Doc. No. 3), is **DISMISSED**;

2. Petitioner's alternative petition for relief pursuant to § 2241 is **DENIED**; and

3. Petitioner's alternative petitions for writs of *coram nobis* or *audita querela* are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 15, 2013

Robert J. Conrad, Jr.
Chief United States District Judge